**CHEN, BEN CHUN,\* Petitioner,**

v.

**ATTORNEY GENERAL FOR the UNITED STATES, Respondent.**

No. 05–0648–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney, E. Bryan Wilson, Assistant United States Attorney, Northern District of Florida, Tallahassee, Florida, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

Chen, Chun Ben petitions for review of the BIA's January 11, 2005 decision in which the BIA affirmed an immigration judge's ("IJ") order denying Chen's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

The IJ denied Chen's claim because he found that Chen's testimony was not sufficiently credible to satisfy his burden. However, we find two significant errors in the IJ's credibility analysis. First—and more seriously—the IJ appears to have ignored substantial evidence in the record supporting Chen's claim that his wife had an involuntary abortion. Although the IJ

---

\* The Clerk is requested to amend the official caption to reflect this caption, which states petitioner's name as he spells and orders it.

emphasized that Chen's wife's check-up booklet does not list the abortion as a "birth control operation," [**A48, apparently relying on A234**] he ignored actual clinical records showing that on November 5, 1999—"30 days after induced abortion"— Chen's wife reported to the clinic with "pain in lower belly, bleeding for 8 days in vagina." [**A251**] The IJ erred by failing to assess this significant evidence corroborating Chen's claim. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) (holding that each portion of the evidence tending to support an aspect of a claim must be considered unless it is "too insignificant to merit discussion").

Second, in finding that Chen's testimony was "entirely inconsistent," [**A48**] the IJ cited only one example, Chen's testimony concerning the intent of the officials who came to his parents' home and took his wife away for a forcible abortion [**A49**]. Chen did not testify inconsistently on this point. Rather, his testimony was that when the officials first came to his parents' home, they said that they were taking his wife away. [**A115**] He then testified that he was threatened with arrest himself after he engaged in an altercation with the officials. [**A117**] Although he later said: "They came just intend to take both of us because we violated birth control policy, he immediately clarified that he only "knew that they planned to take [him] too" after the officials threatened to take him to the station." [**A119**] The purported inconsistency, therefore, does not support the IJ's adverse credibility finding.

Having found these errors and assessed the remaining evidence supporting the IJ's credibility finding, we "can[not] 'confidently predict' that the IJ would reach the same decision absent [these] errors." *Xiao Ji Chen v. DOJ*, 434 F.3d 144, 162 (2d Cir.2006) (quoting *Cao He Lin v. DOJ*, 428 F.3d 391, 395 (2d Cir.2005)). Therefore, Chen–Ben's petition for review is

GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA with directions to order further proceedings relevant to Chen–Ben's credibility. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).